DLD-240                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1827
_____

IN RE:  MONICA BIRCH-MIN,
                                                            Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the District of New Jersey
(Related to 3:14-cv-00476)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 18, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 14, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Petitioner Monica Birch-Min seeks a writ of prohibition to disqualify a District

Judge from presiding over a case she brought in U.S. District Court in the District of New

Jersey.  We will deny the petition.

        In 2014, Birch-Min filed a civil action in the District Court against the Plainsboro

Police Department and the Middlesex County Board of Social Services.  In a subsequent

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

second amended complaint against the Defendants, she alleged wrongful death and multiple civil rights violations. Ultimately, the District Court granted the Defendants' motions for summary judgment and dismissed the second amended complaint with prejudice. Birch-Min sought both reconsideration of the District Court's order and disqualification of the District Judge.[1] She also filed this petition for a writ of prohibition, asking this Court to bar the District Judge from presiding over her case.

Although Birch-Min characterizes her filing as a petition for a writ of prohibition, it could also be considered a petition for a writ of mandamus insomuch as she requests that we order the District Judge to recuse himself. The same standard applies regardless of how the petition is viewed. See United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992) (noting that the requirements are the same for obtaining either writ); In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (explaining that "the form is less important than the substantive question of whether an extraordinary remedy is available") (internal quotations omitted).[2]

Prohibition and mandamus are drastic remedies available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking prohibition or mandamus must demonstrate that: "(1) no other

---

[1] After Birch-Min filed this petition, the District Court denied the motion to disqualify.

[2] We have explained that "a writ of mandamus may appear more appropriate when the request is for an order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action[.]" In re Sch. Asbestos Litig., 921 F.2d at 1313.

adequate means exist to attain the relief [s]he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (internal quotations omitted). A writ of prohibition or mandamus should not issue where relief may be obtained through an ordinary appeal. In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998).

Birch-Min has not shown that the issuance of an extraordinary writ is warranted. In her petition for a writ, which is somewhat confusing, she variously alleges that the District Judge failed to respond to particular allegations of bias and prejudice and that he ruled that he is not disqualified to preside over her case. Birch-Min's allegations appear to rest on the District Court's factual and legal determinations in resolving her case. However, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).[3] Birch-Min does not identify any other relevant basis for bias or prejudice in seeking the District Judge's removal from the case.[4] We

---

[3] We further note that to the extent that Birch-Min presents her petition as a challenge to the District Court's summary judgment ruling, she has an alternative recourse as the District Court's summary judgment order may be contested on appeal.

[4] In her petition for a writ of prohibition, Birch-Min has included as an exhibit the motion to disqualify and an accompanying affidavit that she filed in the District Court. In the affidavit, Birch-Min accuses the District Court of prejudice because Birch-Min and her late husband are members of an "elite society and the facts stated in this case show wrongfully [sic] behavior by a government entity and the Judge approves of unconstitutional acts and is attempting to rewrite the law in my case and creating a severe

conclude that Birch-Min's claim that the District Judge exhibited bias and partiality is without support. Cf. In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (stating recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation").

Accordingly, the petition for a writ of prohibition (or mandamus) will be denied.

---

and callous deprivation of my rights." Birch-Min does not cite any evidence for her claims. To the extent that the allegations are before us in this petition, like the District Court did in ruling on the motion to disqualify, we determine them to be baseless.